# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DN LOOKUP TECHNOLOGIES, LLC,** | |
| **Plaintiff,** | |
| **v.** | Civil Action No. _____ |
| **TIME WARNER CABLE, INC., and**<br>**TIME WARNER CABLE, LLC,** | |
| | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, DN Lookup Technologies, LLC ("DN Lookup" or "Plaintiff"), complains against Defendants, Time Warner Cable, Inc. and Time Warner Cable, LLC (collectively, "Time Warner" or "Defendants"), as follows:

## THE PARTIES

1.      Plaintiff, DN Lookup Technologies, LLC, is a Delaware limited liability company, having an address in Newport Beach, California 92660.

2.      On information and belief, Defendant, Time Warner Cable, Inc., is a corporation organized and existing under the laws of Delaware. Defendant, Time Warner Cable, LLC is a Delaware limited liability company. Defendants have a principal place of business at 60 Columbus Circle, New York, New York 10023, and may be served with process by serving their registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendants because they were incorporated/formed in Delaware and have purposely availed themselves of the privileges and benefits of the laws of the State of Delaware.  Additionally, on information and belief, this Court has personal jurisdiction over Defendants because they have committed, aided, abetted, contributed to, and/or participated in the commission of acts giving rise to this action within this judicial district and have established minimum contacts within the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.   On information and belief, Defendants have sold, advertised, solicited customers, marketed and/or distributed their infringing processes/services in this judicial district and have designed, made, or had made, on their behalf, and placed their infringing processes/services into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users of such processes/services were located within this judicial district.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## JOINDER

6.     Joinder of Defendants is proper under 35 U.S.C. § 299.  The allegations of patent infringement contained herein arise out of the same series of transactions or occurrences relating to the making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, of the same accused processes/services for handling and redirecting invalid

domain name lookup requests on the Internet, including, but not limited to, Defendants'
RoadRunner Domain Name System ("DNS") redirect service.

7.      Common questions of fact relating to Defendants' infringement will arise in this
action.

## INFRINGEMENT OF U.S. PATENT NO. 6,332,158

8.      Plaintiff, DN Lookup, is the owner by assignment of United States Patent No.
6,332,158 ("the `158 patent"), entitled "Domain Name System Lookup Allowing Intelligent
Correction of Searches and Presentation of Auxiliary Information," and owns all rights to sue, and
collect damages, including past damages, for infringement of the `158 patent.  A true and correct
copy of the `158 patent, which was duly and legally issued by the United States Patent and
Trademark Office on December 18, 2001, is attached hereto as Exhibit A.

9.      On information and belief, Defendants have knowledge of the `158 patent and
have been and are infringing the `158 patent in this judicial district, and elsewhere in the United
States.  Defendants' infringements include, without limitation, making, using, offering for sale,
and/or selling within the United States, and/or importing into the United States, services for
handling and redirecting invalid domain name lookup requests on the Internet, including at least
Defendants' RoadRunner Domain Name System ("DNS") redirect service.  Defendants are thus
liable for infringement of the `158 patent pursuant to 35 U.S.C. § 271.

10.     At a minimum, Defendants have knowledge of their infringement of the `158
patent through the filing and service of this Complaint and continue to infringe the `158 patent.

11.     Defendants have profited through the infringement of the `158 patent.  As a result
of Defendants' unlawful infringement of the `158 patent, Plaintiff has suffered and will continue
to suffer damage.  Plaintiff is entitled to recover from Defendants damages that are adequate to

compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

12.     On information and belief, Defendants' infringement of one or more claims of the `158 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiff to enhanced damages, reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and seeks the following relief:

(a)     For judgment in favor of Plaintiff that Defendants have infringed the `158 patent;

(b)     For judgment and an order requiring Defendants to pay Plaintiff its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the `158 patent, as provided under 35 U.S.C. § 284;

(c)     For judgment that Defendants have willfully infringed the `158 patent and enhancement of Plaintiff's damages by reason of the nature of Defendants' infringement;

(d)     For judgment and an order that this case is exceptional under 35 U.S.C. § 285 and requiring Defendants to pay Plaintiff's reasonable attorneys' fees; and

(e)     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and claims so triable.

DATED: November 29, 2011       Respectfully submitted,

**FARNAN LLP**


By:   /s/ Brian E. Farnan
Joseph J. Farnan, III (Bar No. 3945)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

James A. Jorgensen
Michael E. Lee
**LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.**
1800 Augusta Drive, Suite 250
Houston, Texas 77057
Telephone:  (832) 431-4060
Facsimile:  (713) 568-9994
jjorgensen@ljpklaw.com
mlee@ljpklaw.com

Hemant H. ("Shashi") Kewalramani
**LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.**
440 West 1st Street, Suite 205
Tustin, California 92780
Telephone:  (714) 252-6611
Facsimile:  (714) 602-4690
shashi@ljpklaw.com